UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-01263-SRM-SP | Date | June 11, 2025 |
|---|---|---|---|
| Title | JAMES BERNARD v. WARDEN | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | | |
|---|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Lack of Jurisdiction Due to Failure to State Cognizable Claim for Habeas Relief**

On May 22, 2025, petitioner filed what purports to be a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. Petitioner, a pretrial detainee at the West Valley Detention Center, asserts a number of complaints about conditions at the jail: (1) he suffered a personal injury to his ankle while working, from m which he never fully recovered; (2) he has been worked to the point of exhaustion and passed out; (3) he was exposed to pepper spray without warning and forced to continue to work; and (4) water is turned off for hours, leaving him unable to shower or have access to drinking water. Petitioner contends these conditions constitute cruel and unusual punishment. He seeks monetary damages in the amount of $800,000.

This court having reviewed the Petition, it appears the Petition is subject to dismissal for lack of jurisdiction because the grounds asserted do not appear to raise cognizable claims for federal habeas relief in that petitioner is not seeking release from custody. The court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **July 11, 2025**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-01263-SRM-SP | Date | June 11, 2025 |
|---|---|---|---|
| Title | JAMES BERNARD v. WARDEN | | |

## **No Cognizable Habeas Claim**

A state prisoner may bring a federal habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in state custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Burnett v. Lampert*, 432 F. 3d 996, 999 (9th Cir. 2005).

Here, although petitioner is in custody, petitioner is not challenging the legality of his custody, and he is not seeking release from custody. Instead, he is simply seeking damages based on the conditions of his confinement. As such, this court lacks jurisdiction because petitioner is not claiming he is in custody in violation of the Constitution or other federal law. *See Baily v. Hill*, 599 F.3d 976, 979-82 (9th Cir. 2010) (§ 2254's jurisdictional requirement includes that the habeas challenge be to the lawfulness of petitioner's custody); *see also Maleng v. Cook*, 490 U.S. 488, 490, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) ("in custody" requirement is jurisdictional).

A federal court has the discretion to construe a mislabeled habeas corpus petition as a civil rights action and permit the action to proceed, such as when, as here, the "petition" seeks relief from the conditions of confinement. *See Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971) (per curiam) (holding that where a habeas corpus petition presents § 1983 claims challenging conditions of confinement, the petition should be construed as a civil rights action), superceded by statute on other grounds as recognized in *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). But there are at least a couple obstacles to doing this here.

First, petitioner does not name any defendants and therefore it is unclear whom (if anyone) petitioner intended to bring his civil rights claims against, if indeed petitioner intended to assert civil rights claims. *See* Fed. R. Civ. P. 10(a) ("complaint must name all the parties"). The allegations in the petition are also lacking in factual support. In general, the petition does not satisfy the requirements of Rule 8 that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-01263-SRM-SP | Date | June 11, 2025 |
|---|---|---|---|
| Title | JAMES BERNARD v. WARDEN | | |

Second, to date petitioner has not paid a filing fee or filed an application to proceed without prepayment of a filing fee. The court informed petitioner a $5 filing fee is due (*see* docket no. 2); however, that is the filing fee for a habeas case. The filing fee for a civil rights case is $405. It is unclear whether petitioner wishes to have this case construed as a civil rights action in light of the filing fee.

### Petitioner's Options

If petitioner contends he is in fact raising a cognizable habeas challenge, he must clearly explain this in a written response to this Order to Show Cause. Petitioner must file with the court a written response to the Order to Show Cause on or before **July 11, 2025**. In his response to the Order to Show Cause, petitioner may set forth any reasons he wishes to argue against the dismissal of the action.

If petitioner instead wishes to proceed in this case as a civil rights action, he must file a First Amended Complaint in this case on or before **July 11, 2025**. The Clerk of Court is directed to mail plaintiff a blank Central District civil rights complaint form to use for filing any First Amended Complaint. If petitioner chooses to file a First Amended Complaint – and so have this action construed as a civil rights action – petitioner must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form CV-66. The First Amended Complaint must identify each defendant and must be complete in and of itself, without reference to the petition or any other pleading, attachment, or document. Petitioner also must pay the $405 filing fee or file a request to proceed without prepayment of the filing fee (the form for which was previously sent to petitioner on May 22, 2025).

Alternatively, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Such dismissal request must also be filed on or before **July 11, 2025**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-01263-SRM-SP | Date | June 11, 2025 |
|---|---|---|---|
| Title | JAMES BERNARD v. WARDEN | | |

**The court warns petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed for lack of jurisdiction, for failure to prosecute, and/or for failure to obey court orders.**